UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDUARDO VEGA HERNANDEZ,

    Petitioner,

v.                                  Case No. 3:25-cv-1219-WWB-MCR

DHS – ICE – ERO,

    Respondents.

## ORDER

Petitioner Eduardo Francisco Vega Hernandez, a detainee at the North Florida Detention Center, initiated this action by filing a pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("**Petition**," Doc. 1), on September 23, 2025 (mailbox rule[1]). Petitioner alleges that an order of removal from the United States was entered on June 26, 2025, and he has been unlawfully detained by the Department of Homeland Security, Immigration and Customs Enforcement ("**ICE**") since May 13, 2025. (*Id.* at 1–6). Petitioner requests his immediate release from the custody of ICE. (*Id.* at 6).

The Supreme Court has held that "indefinite detention of aliens . . . would raise serious constitutional concerns." *Zadvydas v. Davis*, 533 U.S. 678, 682, 689–90 (2001). As such, "once removal [of an alien pursuant to a removal order] is no longer reasonably foreseeable, continued detention is no longer authorized." *Id.* at 699. "[F]or the sake of uniform administration in the federal courts," the Supreme Court has recognized as

---

[1] *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (mailbox rule).

presumptively reasonable a six-month detention period while a removable alien awaits deportation. *Id.* at 701. The Supreme Court explained:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. . . . This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*; *see also Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (stating that "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future"). "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." *Akinwale*, 287 F.3d at 1052. Thus, to state a claim under *Zadvydas*, the "six-month period . . . must have expired at the time [a petitioner's] § 2241 petition was filed." *Id.*

Because Petitioner filed the Petition before the presumptive six-month period expired pursuant to *Zadvydas*, his claim is premature and will be dismissed without prejudice to refiling at the appropriate time. (*See* Doc. 1 at 4 (alleging that a removal order was entered on June 26, 2025, and Petitioner has been in immigration custody since May 13, 2025)).

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **DISMISSED without prejudice** as prematurely filed.

2

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. If Petitioner appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[2]

**DONE AND ORDERED** in Jacksonville, Florida on October 14, 2025.

_WENDY W. BERGER_
UNITED STATES DISTRICT JUDGE

Jax-11 10/14
c:
Eduardo Francisco Vega Hernandez, #A-095504898

---

[2] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Here, upon consideration, the Court will deny a certificate of appealability.